LEONARD A. PERKINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Perkins v. Commissioner
Docket No. 20484-82.
United States Tax Court
T.C. Memo 1983-474; 1983 Tax Ct. Memo LEXIS 303; 46 T.C.M. (CCH) 1046; T.C.M. (RIA) 83474; August 15, 1983. *303 Held, in these circumstances, respondent's determinations of an income tax deficiency and an addition to the tax under sec. 6653(a), I.R.C. 1954, sustained. Held further, on the Court's own motion, damages are awarded to the United States in the amount of $500 since this proceeding was instituted merely for delay. Sec. 6673, I.R.C. 1954. Leonard A. Perkins, pro se. Mark E. Rizik, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Chief Judge: This case was assigned to Special Trial Judge Francis J. Cantrel for the purpose of considering and ruling on respondent's Motion for Summary Judgment filed herein. After a review of the record, we agree with and adopt his opinion which is set forth below. [1]
OPINION OF THE SPECIAL TRIAL JUDGE CANTREL, Special Trial Judge: This *304 case is before the Court on respondent's Motion for Summary Judgment filed pursuant to Rule 121, Tax Court Rules of Practice and Procedure, on June 24, 1983. Respondent, in his notice of deficiency issued to petitioner on May 14, 1982, determined a deficiency in petitioner's Federal income tax and an addition to the tax under section 6653(a)[2] for the taxable calendar year 1980 in the amounts of $4,106.00 and $205.30, respectively. Petitioner submitted an individual 1980 Form 1040 to the Internal Revenue Service (a copy of which is in this record). On line 8 of that Form he reported wage income of $28,008. [3] *305 On line 24 he claimed an "adjustment to receipts" in the amount of $28,188.00, which he characterized as "Non-taxable receipts" per the decision in Eisner v. Macomber,252 U.S. 189 [(1920)]. Through this impermissible procedure he reported he owed no tax and sought a refund of $2,171.00, which is three cents less than the Federal income tax withheld from his wages by his employer in 1980. Respondent's determinations are based on his disallowance of the claimed "non-taxable receipts". It is respondent's position that the "non-taxable receipts" are in fact wages which are subject to Federal income tax. Petitioner resided at 30319 Avondale, Madison Heights, Michigan on the date he filed his petition. A timely petition was filed on August 12, 1982 and respondent filed his answer thereto on October 14, 1982. Hence, the pleadings are closed. Respondent's motion was filed more than 30 days after the pleadings were closed. See Rules 34, 36, 38, and 121. Rule 34(b) provides in pertinent part that the petition in a deficiency action shall contain "clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability" and "clear and concise lettered statements of the facts on which petitioner bases *306 the assignments of error * * *". (Emphasis added.) It is clear to the Court that petitioner is yet another in a seemingly unending parade of tax protesters bent on glutting the docket of this Court and others with frivolous claims. It is clear beyond doubt that his petition alleges no justiciable error with respect to the Commissioner's income tax deficiency determination [4] and no justiciable facts in support of any error are extant therein. Since he has no valid defense to the Commissioner's determinations, he uses this forum as a platform to unleash a plethora of frivolous legal and constitutional contentions which have been rejected by this Court and others on innumerable occasions. We answer petitioner's frivolous claims, as gleaned from this record, hereinbelow. Respondent issued a valid notice of deficiency, a timely petition was filed and this Court has jurisdiction of *307 this case. Sections 6212, 6213, and 6214. The determinations made by respondent in his notice of deficiency are presumed correct; the burden of proof is on petitioner [not respondent] to show those determinations are wrong, and the imposition of the burden of proof is constitutional. Welch v. Helvering,290 U.S. 111 (1933); Rockwell v. Commissioner,512 F.2d 882, 887 (9th Cir. 1975); Rule 142(a). This Court generally (as is the case here) will not look behind a deficiency notice to examine evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedures involved in making his determinations. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). Gross income means all income from whatever source derived including (but not limited to) wages. It includes income realized in any form, whether in money, property, or services. Section 61. Income as defined under the Sixteenth Amendment is "gain derived from capital, from labor, or from both combined". Eisner v. Macomber,252 U.S. 189, 207 (1920). Section 61 encompasses all realized accessions to wealth. Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). See United States v. Buras,633 F.2d 1356, 1361 (9th Cir. 1980), *308 where the Court said--"* * * 'the earnings of the human brain and hand when unaided by capital' are commonly treated as income" and "* * * the Sixteenth Amendment is broad enough to grant Congress the power to collect an income tax regardless of the source of the taxpayer's income". [Citations omitted.] "One's gain, ergo his 'income,' from the sale of his labor is the entire amount received therefor without any reduction for what he spends to satisfy his human meeds". Reading v. Commissioner,70 T.C. 730, 734 (1978), affd. 614 F.2d 159 (8th Cir. 1980). "Although the wages [gross income] received by [petitioner] may represent no more than the time-value of his work, they are nonetheless the fruit of his labor, and therefore represent gain derived from labor which may be taxed as income". [Emphasis added.] Rice v. Commissioner, T.C. 1982-129, and cases cited therein. See also Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1983), and cases cited therein. Despite petitioner's protestations to the contrary this Court may decide this case under its summary judgment procedures. Petitioner was provided an opportunity to prepare and submit affidavits, memoranda and other materials *309 for the Court to consider when ruling on respondent's motion. Given that opportunity he has been heard within the meaning of Rules 50 and 121.See Jarvis v. Commissioner,78 T.C. 646, 656-657 (1982).Moreover, with respect to his exhortations that he is entitled to his "day in Court", we said in Egnal v. Commissioner,65 T.C. 255, 263 (1975)-- Petitioners seek an opportunity to present proof of the factual allegations made in the petitions. They are entitled to that opportunity only if it could result in a redetermination of the deficiencies found by respondent. In these cases, it would be useless for us to hear the proffered evidence, because we have concluded that the legal theories relied upon by petitioners to reduce their taxes are erroneous. The foregoing language is equally applicable here. Here, petitioner has not even attempted to carry his burden. He has failed to allege any fact or legal theory that would tend to show that the Commissioner's determinations are incorrect. See Knighten v. Commissioner,702 F.2d 59 (5th Cir. 1983), affg. per curiam an unreported order and decision of this Court. Rule 121 provides that a party may move for summary judgment upon all or *310 any part of the legal issues in controversy so long as there are no genuine issues of material fact. Rule 121(b) states that a decision shall be rendered "if the pleadings * * * and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law". The summary judgment procedure is available even though there is a dispute under the pleadings if it is shown through materials in the record outside the pleadings that no genuine issue of material fact exists. [5]
The record here contains a complete copy of the notice of deficiency, the petition, answer, respondent's motion and respondent's affidavit with attached exhibits. Respondent has amply demonstrated to our satisfaction that there is no genuine issue as to any material fact present in this record and, thus, that respondent is entitled to a decision as a matter of law. In such posture, summary *311 judgment is a proper procedure for disposition of this case. Respondent's Motion for Summary Judgment will be granted in every respect. The final matter we consider is whether, in the circumstances here extant, we should, on our own motion, award damages to the United States under section 6673 and, if so, in what amount. [6] *312 We addressed the very heart of this matter in September of 1977 in Hatfield v. Commissioner,68 T.C. 895, 899 (1977), when we stated in clear and unequivocal language: In recent times, this Court has been faced with numerous cases, such as this one, which have been commenced without any legal justification but solely for the purpose of protesting the Federal tax laws. This Court has before it a large number of cases which deserve careful consideration as speedily as possible, and cases of this sort needlessly disrupt our consideration of those genuine controversies. Moreover, by filing cases of this type, the protesters add to the caseload of the Court, which has reached a record size, and such cases increase the expenses of conducting this Court and the operations of the IRS, which expenses must eventually be borne by all of us. Many citizens may dislike paying their fair share of taxes; everyone feels that he or she needs the money more than the Government. On the other hand, as Justice Oliver Wendell Holmes so eloquently stated: "Taxes are what we pay for civilized society". Compania de Tabacos v. Collector,275 U.S. 87, 100 (1927). The greatness *313 of our nation is in no small part due to the willingness of our citizens to honestly and fairly participate in our tax collection system which depends upon self-assessment. Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge the Commissioner's determination; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. Access to the courts depends upon a real and actual wrong--not an imagined wrong--which is susceptible of judicial resolution. General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies to be resolved in the courts; Congress is the appropriate body to which such matters should be referred. [7]
While we did not award damages in Hatfield we issued this warning--"* * * but if tax protesters continue to bring such frivolous cases, serious consideration should be given to imposing *314 such damages". [Citations omitted.] Similar warnings were promulgated in Crowder v. Commissioner,T.C. Memo. 1978-273 and Clippinger v. Commissioner,T.C. Memo. 1978-107. Tax protest petitions continued to be filed with this Court with increased frequency and, finally, upon motion of respondent, we began awarding damages to the United States in appropriate cases. See Wilkinson v. Commissioner,71 T.C. 633 (1979) and Greenberg v. Commissioner,73 T.C. 806 (1980). [8] *315 Shortly after we issued Greenberg we, for the first time, awarded damages in a proper circumstance on our own motion. Sydness v. Commissioner,74 T.C. 864, 870-873 (1980), affd. 647 F.2d 813 (8th Cir. 1981). [9] Petitions filed merely for delay continued to overburden this Court's docket. In recognition of this fact, on June 15, 1981, we aptly stated-- It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protester cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type that have been consistently decided against such protesters and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively *316 with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. [Emphasis added.] [McCoy v. Commissioner,76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).] This Court is not the only Court that has considered awarding damages or other costs, either on its own motion or on motion of the Commissioner, in a proper case. In a tax protester situation, where one of the frivolous issues was whether the U.S. Constitution forbids taxation of compensation received for personal services, the Fifth Circuit Court of Appeals stated in late 1981-- Appellants' contentions are stale ones, long settled against them. As such they are frivolous. Bending over backwards, in indulgence of appellants' pro se status, we today forbear the sanctions of Rule 38, Fed. R. App. P. We publish this opinion as notice to future litigants that their continued advancing of these long-defunct arguments invites sanctions, however. [Lonsdale v. Commissioner,661 F.2d 71, 72 (5th Cir. 1981), affg. T.C. Memo. 1981-122.][10] *317 In Knighten v. Commissioner,supra, the Court of Appeals following its warning took action. There, damages were not sought nor awarded in our Court. Damages were sought by the Commissioner and double costs were awarded in the Court of Appeals. The Court of Appeals for the Ninth Circuit has, in a summary and decisive manner, awarded double costs (under Rule 38, Fed. R. App. P.) in several tax protester cases on its own motion. On July 7, 1982, in Edwards v. Commissioner,680 F.2d 1268, 1271 (9th Cir. 1982), affg. per curiam an unreported decision of this Court, the Court said-- Meritless appeals of this nature are becoming increasingly burdensome on the federal court system. We find this appeal frivolous,Fed. R. App. P. 38, and accordingly award double costs to appellee [the Commissioner of Internal Revenue]. [Citations omitted.] [Emphasis added.] Accord, McCoy v. Commissioner,696 F.2d 1234 (9th Cir. 1983), affg. 76 T.C. 1027 (1981); Barmakian v. Commissioner,698 F.2d 1228 (9th Cir. 1982), affg. without published *318 opinion an unreported order and decision of this Court; Martindale v. Commissioner,692 F.2d 764 (9th Cir. 1982), affg. without published opinion an unrepoted order and decision of this Court. [11]
It is now certain that all Courts, especially those in the Federal hierarchy, will no longer tolerate the filing of frivolous appeals. On June 13, 1983, the Supreme Court, for the first time, invoked the provisions of its Rule 49.2, which the Court adopted in 1980, and ordered an appellant to pay damages for bringing a frivolous appeal. [12] In Tatum, Elmo C. v. Regents of Nebraska-Lincoln (No. 82-6145) the Court issued the following order: "The motion of respondents for damages is granted and damages are awarded to respondents in the amount of $500.00 pursuant to Supreme Court Rule 49.2". [13] *319 The direction of this nation's highest Court appears crystal clear--that no Court should abide frivolous appeals, not only in discrimination suits but in any other area of litigation, including Federal income taxation. Here, petitioner has instituted these proceedings and has asserted as his defense to the Commissioner's determinations nothing but frivolous contentions. Petitioners with genuine controversies have been delayed while we considered this case. In these circumstances, petitioner cannot and has not shown that he, in good faith, has a colorable claim to challenge the Commissioner's determinations. Indeed, he knew when he filed his petition that he had no reasonable expectation of receiving a favorable decision. There has been no change in the legal climate and in view of the extensive and long well-settled case precedents, no reasonably prudent person could have expected this Court to reverse itself in this situation.[14] *320 "When the costs incurred by this Court and respondent are taken into consideration, the maximum damages authorized by the statute ($500) do not begin to indemnify the United States for the expenses which petitioner's frivolous action has occasioned. Considering the waste of limited judicial and administrative resources caused by petitioner's action, even the maximum damages authorized by Congress are wholly inadequate to compensate the United States and its other taxpayers. These costs must eventually be borne by all of the citizens who honestly and fairly participate in our tax collection system. * * *". Sydnes v. Commissioner,supra at 872-873. Since we conclude that this case was brought merely for delay, the maximum damages authorized by law ($500) are appropriate and will be awarded pursuant to section 6673. [15] To reflect the foregoing, An appropriate order and decision *321 will be entered.
Footnotes
1. Since this is a pre-trial motion and there is no genuine issue of material fact, the Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule. All rule references are to the Tax Court Rules of Practice and Procedure.
2. All section references are to the Internal Revenue Code of 1954, as amended.↩
3. Incorporated in this record is a copy of a Form W-2 (Wage and Tax Statement) showing petitioner received wage income from the Ford Motor Company in 1980 in the amount of $28,187.72. At paragraph 9.(j) of the petition it is alleged--"That the petitioner did receive $28,188.00 in calendar year 1980". Respondent admitted the foregoing allegation at paragraph 9.(j) of his answer.
4. In such posture, Rule 34(b)(4) states, in part--"Any issue not raised in the assignment of errors shall be deemed to be conceded". See Jarvis v. Commissioner,78 T.C. 646, 658 (1982), and Gordon v. Commissioner,73 T.C. 736, 739 (1980). See and compare Russell v. Commissioner,60 T.C. 942, 943-944↩ (1973).
5. Such outside materials may consist of affidavits, interrogatories, admissions, documents or other materials which demonstrate the absence of such an issue of fact despite the pleadings. See Note to Rule 121(a), 60 T.C. 1127↩.
6. Sec. 6673 provides-- "Whenever it appears to the Tax Court that proceedings before it have been instituted by the taxpayer merely for delay, damages in an amount not in excess of $500 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as a part of the tax". We observe that in proceedings commenced after December 31, 1982 this Court is permitted to impose damages up to $5,000 where those proceedings have been instituted or maintained by the taxpayer primarily for delay or where taxpayer's position in such proceeding is frivolous or groundless. See secs. 292(b) and (e)(2), Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 574. As stated hereinbefore, the petition herein was filed on August 12, 1982. 7. The language of the first paragraph quoted above from Hatfield,↩ so true when state, is all the more impelling today because of the ever increasing caseload of this Court.
8. See also, Lynch v. Commissioner,T.C. Memo. 1983-428; Goodrich v. Commissioner,T.C. Memo. 1983-414; Cornell v. Commissioner,T.C. Memo. 1983-370; Stamper v. Commissioner,T.C. Memo. 1983-248; Sommer v. Commissioner,T.C. Memo. 1983-196, on appeal (7th Cir. July 12, 1983); Jacobs v. Commissioner,T.C. Memo. 1982-198; Senesi v. Commissioner,T.C. Memo. 1981-723, affd.     F.2d     (6th Cir. 1983); Swann v. Commissioner,T.C. Memo. 1981-236↩, dismissed (9th Cir. 1981). We note that the predecessor of the statute we now consider, which in essence, contained virtually identical language, was enacted by Congress in 1926. 9. See also, Burton v. Commissioner,T.C. Memo. 1983-455; Vickers v. Commissioner,T.C. Memo. 1983-429; Mele v. Commissioner,T.C. Memo. 1983-387; Miller v. Commissioner,T.C. Memo. 1983-73, on appeal (9th Cir. May 9, 1983); Ballard v. Commissioner,T.C. Memo. 1982-56; and Graves v. Commissioner,T.C. Memo. 1981-154, affd. without published opinion 698 F.2d 1219↩ (6th Cir. 1982), where damages were awarded on our own motion.
10. Rule 38, Federal Rules of Appellate Procedure, provides-- DAMAGES FOR DELAY. If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to appellee.↩
11. In none of the four cases decided by the Ninth Circuit were damages sought or awarded in this Court.↩
12. Rule 49.2 of the Supreme Court's rules provides-- "When an appeal or petition for writ of certiorari is frivolous, the Court may award the appellee or the respondent appropriate damages". ↩
13. In that case Mr. Tatum had brought a series of civil rights suits against the University of Nebraska charging that the University had discriminated against him by failing to provide adequate housing.
14. "* * * [A] person's intent in performing an act includes not only his motive for acting (which may be defined as the objective which inspires the act), but also extends to include the consequences which he believes or has reason to believe are substantially certain to follow." Greenberg v. Commissioner,73 T.C. 806, 814↩ (1980).
15. We have considered petitioner's Opposition to Summary Judgment, which was filed on July 25, 1983, and find it to be totally without merit.↩