782 F.2d 278
 251 U.S.App.D.C. 196, 86-1 USTC P 9177
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
In Re: Cecil Arthur Hartman, Appellant
 No. 85-1088.
 United States Court of Appeals, District of Columbia Circuit.
 Jan. 10, 1986.
 
 Before WALD, SILBERMAN and BUCKLEY, Circuit Judges.
 
 PER CURIAM
 JUDGMENT
 
 1
 This appeal came on for consideration on the record on appeal from the United States Tax Court and was briefed by the parties. The Court has considered the issues presented and finds they occasion no need for oral argument or a further opinion. See D.C.Cir.R. 11(d), 13(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED, by this Court that the order of the United States Tax Court from which this appeal has been taken is affirmed. It is
 
 
 3
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See Local Rule 14, as amended on November 30, 1981 and June 15, 1982. This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 MEMORANDUM
 
 4
 Cecil Arthur Hartman appeals from the United States Tax Court's order barring him from practicing before that court for a period of six months. The Tax Court sanctioned Hartman after he repeatedly advanced an argument on behalf of four separate clients that taxpayers' wages do not constitute income for federal tax purposes. This argument was deemed "frivolous" by the Tax Court in view of the scores of cases that have unequivocally held to the contrary. See, e.g., Lonsdale v. Commissioner, 661 F.2d 71, 72 (5th Cir.1981) (rejecting argument as "frivolous" and providing notice that the argument invites sanctions); Broughton v. United States, 632 F.2d 706, 707 (8th Cir.1980) (rejecting argument as "frivolous and totally devoid of merit), cert. denied, 450 U.S. 930 (1981). Consequently, the Tax Court sanctioned Hartman pursuant to its authority under its Rules of Procedure.[1] Hartman claims that the Tax Court's action (a) infringed upon his duty as an attorney to zealously represent his clients, (b) was based on a vague provision that chills his and his clients' first amendment rights to seek modification or reversal of existing law, and (c) violated his constitutional rights of due process. We reject each of these contentions.
 
 
 5
 A lawyer's duty and authority to "zealously" represent his client is not without limits. Rule 33 of the Rules of Practice and Procedure of the United States Tax Court require that counsel certify that pleadings are not frivolous. Similarly, the American Bar Association's Model Code of Professional Responsibility provides that a lawyer shall not "[k]nowingly advance a claim or defense that is unwarranted under existing law, except that he may advance such claim or defense if it can be supported by good faith argument for an extension, modification, or reversal of existing law." DR 7-102; see also A.B.A. Model Rules of Professional Conduct 3.1.
 
 
 6
 In this case, Hartman does not contest the Tax Court's assertion that he made absolutely no effort to support his bald assertion that wages are not income. As far as the record indicates, he presented no legal argument, policy argument, or other analysis that might qualify as a good faith effort to modify existing law. Indeed, he aparently never even acknowledged that his position was contrary to existing law. For example, in one of the four cases, Hartman simply asserted that: "Petitioner's only income was in the form of wages which are personal property and, as such, are not subject to the imposition and collection of a direct tax which has not been apportioned as clearly required by the Constitution of the United States of America." See Abrams v. Commissioner, 82 T.C. 403, 405 (1984). Thus, Hartman can hardly claim that the Tax Court's order infringed on his rights to zealously represent his clients within the confines of the rules of professional responsibility.
 
 
 7
 The outrageous method in which the claim was repeatedly asserted also forecloses Hartman's claim that the "frivolous" standard is so vague that it infringes on his first amendment rights. To make a successful "vagueness" attack, a litigant must demonstrate that the statute or regulation under attack leaves him unable to reasonably ascertain whether his own conduct falls within its scope. United States Civil Service Commission v. National Association of Letter Carriers, 413 U.S. 548, 579 (1973). The Supreme Court has rejected the argument that the term "frivolous" as used in these types of provisions is per se too vague to support sanctions. Hyde v. Van Wormer, 54 U.S.L.W. 3343 (Nov. 18, 1985) (ordering party who brought frivolous petition for certiorari to pay damages thus, implicitly rejecting dissenting justices' contention that term "frivolous" is not susceptible of definition). Moreover, given the many cases sanctioning attorneys and taxpayers for making this very argument, Hartman can hardly claim that he had no notice of its frivolity. See, e.g., Parker v. Commissioner, 724 F.2d 469 (5th Cir.1984); Perkins v. Commissioner, 46 T.C.M. (CCH) 1046, 1051 (1983), aff'd 746 F.2d 1187 (6th Cir.1984).[2]
 
 
 
 [1]
 The signature of counsel or a party constitutes a certificate by him that he has read the pleading; that, to the best of his knowledge, information, or belief, there is ground to support it; that it is not frivolous, and that it is not interposed for delay.... For a willful violation of this rule, counsel may be subjected to appropriate disciplinary action. Rule of Practice and Procedure of the United States Tax Court 33(b)
 
 
 [2]
 We decline to address appellant's claim that the Tax Court's refusal to grant a stay of his disbarment pending appeal violated his constitutional right to due process of law. That claim is now moot